UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSICA L. INGRAM,<br><br>                Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>                Defendant. | NO: 12-CV-0595-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 14, 16). Plaintiff is represented by Maureen J. Rosette. Defendant is represented by Courtney Garcia. This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income disability benefits on May 14, 2009. Tr. 144-152. The claims were initially denied initially and upon reconsideration. Tr. 93-99; 102-107. The Plaintiff requested a hearing, and a hearing was held before an Administrative Law Judge on April 5, 2011. Tr. 39-82. The ALJ issued a decision denying Plaintiff benefits on May 13, 2011. Tr. 21-33.

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2008. Tr. 23. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 31, 2006, the alleged onset date. Tr. 23. At step two, the ALJ found that Plaintiff had the following severe impairments: dysthymic disorder, NOS; generalized anxiety disorder; personality disorder, NOS; substance induced mood disorder; polysubstance dependence, in remission by self-report; cannabis abuse; ongoing

fibromyalgia; and obesity. Tr. 23. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. Tr. 24. The ALJ then determined that Plaintiff had the residual functional capacity (RFC) to:

> Perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift no more than 20 pounds occasionally and 10 pounds frequently, stand/walk for approximately 6-hours in an 8-hour workday, and sit for approximately 6-hours in an 8-hour workday. The claimant should only occasionally climb ladders/ropes/scaffolds and balance (due to obesity). She can frequently stoop, crouch, kneel, and crawl. The claimant should avoid concentrated exposures unprotected heights and moving machinery. She is able to understand, remember and carry out simple, routine, and repetitive tasks involving up to 3-step commands. She should have only superficial interaction with the public and with coworkers (superficial defined as non-cooperative). The claimant should work in an essentially isolated environment with only occasional supervisor contact. She should have additional time to adapt to changes in the work setting or work routine. The claimant's attention and concentration would wax and wane, but she would still be able capable of maintaining productivity for the 2-hour intervals between regularly scheduled breaks.

Tr. 26. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work as a fast food worker, courtesy clerk, or telephone quotation clerk. Tr. 31. At step five, after having considered Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are jobs that exist in significant numbers in the national economy that the claimant can perform, such as cleaner I, electrical assembler, and sorter. Tr. 31.

The Appeals Council denied Plaintiff's request for review on September 20, 2012, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Tr. 1-5; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

## ISSUES

Plaintiff raises two issues for review:

1. Whether the ALJ properly rejected the opinions of examining sources; and

2. Whether substantial evidence supports the ALJ's conclusions regarding Plaintiff's psychological limitations.

ECF No. 14 at 9, 12.

## DISCUSSION

**A. Rejection of Examining Sources and Reliance on Non-examining Source.**

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately

supported by clinical findings." *Bray,* 554 F.3d at 1228 (quotation and citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss,* 427 F.3d at 1216 (*citing Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir. 1995)). An ALJ may also reject a treating physician's opinion which is "based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008) (internal quotation and citation omitted).

Although the treating physician's opinion is generally afforded the greatest weight, it is not binding on the ALJ regarding the existence of an impairment or determination of disability. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record. *Tonapetyan*, 242 F.3d at 1149 (citation omitted); *accord Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

**1. Ms. Sjostrom's Opinion.**

The ALJ considered the opinion of Ms. J. Brooke Sjostrom, MS, LMHC, who had completed a psychological and psychiatric evaluation of Plaintiff. Tr. 28.

1  Plaintiff suggests that Ms. Sjostrom's opinion must be treated as that of an
2  examining medical source because her opinions were adopted in full by a licensed
3  psychologist, Dr. Mahlon Dalley.  ECF No. 14 at 9-10.  The Court agrees in part.
4  Plaintiff correctly notes, Dr. Dalley adopted Ms. Sjostrom's 6- page assessment,
5  Tr. 723-728, because Dr. Dalley specifically adopted findings and conclusions as
6  his own and "accepted accountability" for them.  Tr. 728.  Although Ms. Sjostrom
7  likely qualifies as an "other" medical source, Dr. Dalley is clearly an "acceptable
8  medical source."  However, only Ms. Sjostrom filled out the functional limitations
9  worksheet.  Tr. 719-722.  Dr. Dalley signed as a "releasing authority" but did not
10 co-sign or adopt this report as his own.

11      In any event, Plaintiff contends that the ALJ did not properly reject these
12 functional limitations and therefore the limitations should be credited.  ECF No. 14
13 at 12-13.  Specifically, Plaintiff argues the ALJ's finding of internal inconsistency
14 was boilerplate language that did not rise to the level of specificity needed to reject
15 an examining physician's opinion.  *Id*.

16     The ALJ observed that Ms. Sjostrom (and Dr. Dalley) found Plaintiff's
17 MMPI-2 validity indicators suggested that claimant's profile was invalid and
18 suggested she was over reporting psychopathology on the test…a motivation for
19 secondary gain, claimant was malingering.  Tr. 28, 726-727.  Further, Ms.
20 Sjostrom and Dr. Dalley found that without objective data it was difficult to

accurately assess her mental condition because there was the likelihood that she was trying to portray herself as being more mentally ill than she may actually be. Tr. 727. Consequently, the ALJ made the following findings:

> Ms. Sjostrom's opinion is given little weight because it is internally inconsistent. The undersigned notes that Ms. Sjostrom has diagnosed the claimant as malingering, but had 5 "marked" limitations…the results of the MMPI-2 indicating it was invalid due to overreporting of symptomology is given significant weight as that test is an objective measure of psychological pathology and contains validity tests for the very purpose of establishing whether someone is malingering.

Tr. 28.

If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). Here, there is substantial evidence of malingering, thus, the ALJ was properly permitted to find Plaintiff not credible and discount her testimony. Tr. 27. Plaintiff has not challenged this negative credibility finding. The ALJ noted that three separate medical providers either diagnosed malingering, factitious disorder, or noted symptom exaggeration. Tr. 28-30. An ALJ may also reject a treating physician's opinion which is "based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti,* 553 F.3d at 1041. The ALJ

provided specific, clear and convincing reasons for rejecting Ms. Sjostrom's functional limitations assessment in light of the invalidity of her test results.

**2. Dr. Rachael McDougall's Opinions.**

Plaintiff claims that the opinion of Dr. Rachael McDougall was not properly rejected, and the ALJ did not provide the requisite specific and legitimate reason supported by substantial evidence to reject Dr. McDougall's opinions. ECF No. 14 at 12-13. In her reply brief, Plaintiff argues that Dr. McDougall did not rely solely on her self-reports and it was error to reject those since Dr. McDougall performed two examinations which were extensive. ECF No. 17 at 2-3.

Dr. Rachael McDougall, Psy.D, completed a psychological/psychiatric evaluation for Washington State Department of Social and Health Services (DSHS) in February 2009. Dr. McDougall diagnosed Plaintiff with the following conditions:

> …somatization disorder; personality disorder, NOS, with borderline and anti[-]social features; cannabis dependence sustained in partial remission; factitious disorder combined with psychological and physical signs and symptoms; and posttraumatic stress disorder, chronic, severe…claimant had 9 months of sobriety by self report...

Tr. 28-29, 678-681. The ALJ gave little weight to Dr. McDougall's opinions. Tr. 29. The ALJ reasoned that Dr. McDougall had relied on check-box forms of a single examination [each time], based on a self-report by Plaintiff in a secondary

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

gain context. Tr. 29. The ALJ explained that the check-box forms were unsupported by clinical observations. *Id*.

A review of the record shows the check-box forms were accompanied with narratives, but the narratives provide little explanation to support Dr. McDougall's ultimate opinions regarding functional limitations. Tr. 682-686, 694-701. Significantly, at her last examination Dr. McDougall found Plaintiff's test results indicated a tendency to exaggerate both her physiological and psychological symptoms. Tr. 700. While Plaintiff believes she is incapacitated by her ailments, Dr. McDougall found her ailments were not substantiated by medical examination. *Id*.

It must be remembered that the ALJ found Plaintiff not credible and discounted her testimony. Tr. 27. Plaintiff has not challenged this negative credibility finding. The ALJ was therefore also justified in rejecting Dr. McDougall's opinions, because they were based largely on Plaintiff's self-reports. With substantial evidence of malingering, the ALJ was properly permitted to reject Dr. McDougall's conclusion that Plaintiff was disabled.

**3. Opinion of Dr. William Greene, Ph.D.**

Plaintiff argues that Dr. Greene's opinion should be credited, because the ALJ failed to set forth the requisite, specific and legitimate reasons supported by substantial evidence to reject Dr. Greene's opinion. ECF No. 14 at 16.

Dr. Greene performed a psychological/psychiatric evaluation for DSHS in October 2010. Tr. 760. He opined that Plaintiff suffered from severe and marked limitations in various aspects of her functioning. Tr. 764. Plaintiff's MMPI-2 scores were invalid due to over reporting and Dr. Greene acknowledged the possibility of some exaggeration of complaints and problems. Tr. 767-768.

The ALJ rejected Dr. Greene's assessed limitations because:

> … Dr. Greene noted his testing of the claimant was invalid due to significant exaggeration, but he failed to differentiate from those exaggerations when he established the "limits" on his check box form. Consequently, his findings and opinions are internally inconsistent. In addition, Dr. Greene accepted the claimant's self-reports at face value and as noted earlier the claimant was not reliable and/or credible, so any diagnosis and conclusions based on her self-reports that are inherently without a valid basis.

Tr. 30. Thus, once again the ALJ provided specific, clear and convincing reasons supported by substantial evidence for rejecting Dr. Greene's functional limitation assessment.

**4. Dr. Martin's Opinion.**

Plaintiff contends that the ALJ erroneously relied on the testimony of Dr. Marian Martin, a non-examining medical expert, over the opinions of examining doctors. ECF No. 14 at 12.

At the hearing, Dr. Martin, a psychological expert, testified based upon her review of the entire record. Tr. 51-63. The ALJ accepted Dr. Martin's testimony that:

> …claimant's diagnosed anxiety disorder and in later medical records, a diagnosis of posttraumatic stress disorder, are without merit…the claimant had numerous situations in which the claimant was diagnosed with factitious disorder and malingering and most [were] when the claimant was applying for disability…there were several evaluations in which the claimant would exaggerate her symptoms significantly which would make it difficult to access the actual severity of her reported symptoms…

Tr. 30. Having properly rejected the other psychological opinions, the ALJ stated:

> The undersigned accords Dr. Martin's opinion great weight because she is highly qualified in her area of expertise, psychology, she reviewed the entire medical record and the medical record supports her opinion. Further, Dr. Martin provided ample explanation at the hearing, based on objective findings, as to the basis for her conclusions.

Tr. 31. Plaintiff's interpretation of the evidence is insufficient to require this Court to reverse the ALJ's decision when that decision is supported by substantial evidence and the ALJ gives specific and legitimate reasons for discounting Plaintiff's examining psychologists, as was done in this case. *See also Tonapetya v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (explaining that "a contrary opinion of a non-examining medical expert . . . may constitute substantial evidence when it is consistent with other independent evidence in the record.").

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

B.  **Psychological Limitations.**

Plaintiff contends that there is a lack of substantial evidence to support the ALJ's findings regarding her psychological impairments, because Plaintiff believes she is more psychologically limited than determined by the ALJ.  ECF No. 14 at 9.

This argument is derivative of Plaintiff's previous arguments.  Since the ALJ properly discounted the opinions of Plaintiff's examining physicians and accepted the testimony of the medical expert, substantial evidence supports the ALJ's findings.  No error has been shown.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** October 31, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16